[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11179
Non-Argument Calendar

_____

D.C. Docket No. 6:15-cv-00139-JA-TBS

ANDREW RAMDEEN,

Plaintiff-Appellant,

versus

PRUDENTIAL INSURANCE COMPANYFO AMERICA,
A Foreign Corporation,
BANK OF NEW YORK MELLON CORPORATION (THE),
A Foreign Corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 21, 2016)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Andrew Ramdeen, an employee of The Bank of New York Mellon Corporation (BNYMC) sued (1) Prudential Insurance Company of America (Prudential) under the Employee Retirement Income Security Act (ERISA) for denying Ramdeen a benefit under a long-term disability plan and (2) BNYMC for breach of a company policy that, according to Ramdeen, entitles him to a short-term disability benefit.[1]  The district court granted summary judgment for the defendants and against Ramdeen, who appeals the judgment.

We review de novo both (1) the district court's affirmation of Prudential's ERISA benefit decision, *see Blankenship v. Metro. Life Ins. Co.*, 644 F.3d 1350, 1354 (11th Cir. 2011) (per curiam), and (2) the district court's dismissal of the breach-of-contract claim against BNYMC, *see Patterson v. CitiMortgage, Inc.*, 820 F.3d 1273, 1276 (11th Cir. 2016) ("We review de novo the district court's grant of summary judgment, considering all of the evidence and the inferences it may yield in the light most favorable to the nonmoving party."  (internal quotation marks omitted)).  In other words, we apply for each claim the standard of review that the district court was required to, and did, apply.

---

[1] Although Ramdeen initially sued BNYMC under ERISA, the parties later agreed that BNYMC's policy offering a short-term disability benefit meets an exception to the applicability of ERISA.  *See* 29 C.F.R. § 2510.3-1(b)(2).

2

## I.

In considering the ERISA claim against Prudential, the district court was required to review de novo Prudential's decision to deny Ramdeen a long-term disability benefit.  *See Blankenship*, 644 F.3d at 1354 ("[First, a]pply the de novo standard to determine whether the claim administrator's benefits-denial decision is 'wrong' . . . ; if it is not, then end the inquiry and affirm the decision.").  Because Prudential correctly denied Ramdeen the benefit, we affirm.

Although in 2008 Ramdeen suffered a stroke and received a short-term disability benefit from BNYMC, Ramdeen returned to work in 2009 and performed the same duties for four years (although different duties from before the stroke).  Ramdeen filed for a long-term disability benefit in 2014 but based on the same 2008 stroke.  The claims relied heavily on the notes of Dr. Rajan Kapoor, who had treated Ramdeen since his stroke and who noted only minor pain remaining on the right side of Ramdeen's body and a few blood-related irregularities.  Prudential consulted two doctors, each of whom concluded, after review of Ramdeen's medical record, that he could continue performing his duties, which were sedentary.

Ramdeen argues that Prudential failed to consider, in determining his eligibility for benefits, his claim of cognitive impairment.  However, Ramdeen offers no evidence other than a scribble in Dr. Kapoor's notes that read, "Not able

3

to make decisions." Each of the two doctors that Prudential consulted concluded that Dr. Kapoor's scribble is unsupported and insufficient to evince cognitive impairment. Also in 2009 Dr. Lata Bansal, Ramdeen's neurologist at the time, noted that although Ramdeen suffered cognitive impairment immediately after his stroke he improved greatly and that "[o]n examination no weakness was detected." For four years, Ramdeen successfully performed the same duties without receiving bad performance reviews. Nothing in the record other than Ramdeen's claims supports the existence of cognitive impairment.

We determine that Prudential correctly denied Ramdeen's claim for a long-term disability benefit and thus affirm the district court's affirmation of Prudential's decision.

## II.

To grant summary judgment dismissing Ramdeen's breach-of-contract claim against BNYMC, the district court was required to determine that no genuine dispute of material fact exists and that "the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Ramdeen argues that, by denying him a short-term disability benefit, BNYMC breached the company policy offering such benefit. However, the policy states that the "employee is responsible . . . for providing timely, complete, and accurate documentation as required by the disability management administrator." Shortly before filing a claim for a

4

long-term disability benefit with Prudential, Ramdeen filed a claim for a short-term disability benefit with BNYMC.  And even "considering all of the evidence and the inferences it may yield in the light most favorable to the nonmoving party," *Patterson*, 820 F.3d at 1276, Ramdeen's documentation supported neither a claim of physical disability nor a claim of cognitive impairment.

We determine that no genuine dispute of material fact exists and that BNYMC is entitled to judgment as a matter of law.  Thus, we affirm the district court's dismissal of the breach-of-contract claim against BNYMC.

**AFFIRMED.**